UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CASE NO. 23-cr-139 (BAH) |
| v. : | |
| : | |
| CHRISTOPHER CARNELL, ET AL., : | |
| : | |
| Defendants. : | |

**JOINT STATUS REPORT**

The United States and defendants Christopher Carnell and David Worth Bowman (collectively, "Defendants") have conferred and submit this response to the Court's order to submit a joint status report advising the Court on a schedule for further proceedings in this case. ECF No. 143 at 11. The parties have not reached an agreement as to a schedule for further proceedings or what proceedings are appropriate, so each provides its position for the Court's consideration.

<u>Government's Position</u>

Defendants were found guilty, at a bench trial on stipulated facts, of all seven charges against them, including, in Count One, Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). ECF No. 22; Minute Entry (Feb. 12, 2024). Between their convictions at the stipulated trial and sentencing, the Supreme Court issued its opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024). Following the *Fischer* decision, Defendants moved this Court to reconsider and reverse its findings of guilt on Count One, *see* ECF No. 124, and also moved this Court to reconsider and reverse its prior denial of Defendants' motion to dismiss Count One, *see* ECF No. 125. On October 7, 2024, this Court vacated Defendants' convictions on Count One under Federal Rule of Criminal Procedure 52(b). ECF No. 143. This Court also denied the motion to reconsider

its denial of the motion to dismiss, concluding that "[t]he fact that both defendants and the government agree that their convictions on Count One are no longer valid post-*Fischer* . . . simply has no effect on the continued validity of the reasoning underlying the denial of their pretrial motion to dismiss Count One." ECF No. 142.

As Justice Jackson suggested in her concurrence in *Fischer*, there may be January 6 cases that satisfy the new requirements of § 1512(c)(2). *Fischer*, 144 S. Ct. at 2194. The government believes this to be one of those cases, *see* ECF No. 131 at 9-10, and does not intend to dismiss Count One. Thus, because the Court has vacated Defendants' convictions on Count One, but has not reconsidered its denial of Defendant's motion to dismiss that count, Count One of the Indictment remains outstanding and should be resolved before sentencing proceeds on Counts Two through Six of the Indictment. Moreover, a November 8, 2024 sentencing on just the remaining counts would take place without the benefit of an updated Presentence Investigation Report to reflect the vacatur of Defendants' convictions on Count One.

Accordingly, the government respectfully requests that the Court vacate the sentencing date currently set for November 8, 2024, *see* Minute Order (Sept. 23, 2024), and instead schedule a trial on Count One of the Indictment, with pretrial deadlines consistent with this Court's Standing Order, ECF No. 24, either through a trial or, if Defendants so desire, a guilty plea. The government has notified counsel for Defendants that it is available for trial the week of January 20, 2025; the weeks of February 3 or 10, 2024; the week of March 10, 2025; or at the Court's soonest convenience thereafter.

Defendants' Position

In response, defense counsel has advised that the Defendants do not agree to schedule a new trial, do not agree to vacate the sentencing date, and do not agree with the Government's legal

2

position. The Defense believes the Government is not entitled to seek a new trial. The defense asks the Court to move forward with the current sentencing date and to proceed with sentencing on the counts of conviction. Mr. Bowman does not believe an "updated Presentence Report" is necessary and would be a waste of precious government resources. Mr. Carnell disagrees with the government's use of this pleading to attempt to make a legal argument that we have already argued before this Court and disagrees with the government's interpretation of the law.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: */s/ Monika (Isia) Jasiewicz*
Monika (Isia) Jasiewicz
Assistant United States Attorney
D.C. Bar No. 102491
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
(202) 714-6446
isia.jasiewicz@usdoj.gov

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney, Tax Division,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 7328, Washington, D.C. 20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov

*Counsel for the Government*

By:    /s/   *Kira Anne West* (by permission)
       Kira Anne West
       DC Bar No. 993523
       712 H Street N.E., Unit 509
       Washington, D.C. 20002
       Phone: 202-236-2042
       kiraannewest@gmail.com

       *Counsel for Mr. Bowman*


By:  /s/   *Marina Medvin* (by permission)
       Marina Medvin, Esq.
       Senior Trial Attorney & Owner
       MEDVIN LAW PLC
       916 Prince Street
       Alexandria, VA 22314
       (703) 870-3300 (Office)
       (703) 870-6868 (Mobile)

       *Counsel for Mr. Carnell*